## SETTLEMENT AGREEMENT
## AND GENERAL RELEASE

YAMILE AGUIAR and ALBA DALFARRA, including their heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiffs"), and Defendants, MAC FLORIDIAN, LLC, a Florida Limited Liability Company, including all of its officers, directors, representatives (Ulyana Vilshanetska), attorneys, managers, members, shareholders, partners, owners, servants, agents, employees, successors and assigns, and SAVERIO MACALUSO, including his heirs, representatives, attorneys, successors, and assigns, (hereinafter collectively referred to as "Defendants") for good and valuable consideration, receipt of which is hereby acknowledged agree as follows:

1. **General Release.** In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), the Parties release each other from any and all claims, demands, losses, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against each other, including, but not limited to, any and all claims, demands, losses, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiffs' employment with, or the separation of their employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiffs or Defendants resulting from any act or omission by, on behalf of, or on the part of the Plaintiffs or Defendants committed prior to the date of this Agreement. Included in the claims, demands, losses, liabilities, and causes of action being released and discharged by Plaintiffs are all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; Unemployment Compensation under Chapter 493, Florida Statutes, Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This Agreement includes but is not limited to the release of all claims that were, or could have been, asserted in the lawsuit styled YAMILE AGUIAR AND ALBA DALFARRA VS. MAC. FLORIDIAN, LLC AND SAVERIO MACALUSO, Case No.: 15-CV-22464-SIMONTON, pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

2. **Settlement Amount and Attorney's Fees.** In consideration of the promises of Plaintiffs as set forth herein, the Parties agree to settle Plaintiffs' claim by Defendants' payment of a total of Fifteen Thousand Dollars and no Cents ($15,000.00), allocated as follows:

    (a)    A total of Six Thousand One Hundred Sixty-Six Dollars and Fourty-Four Cents ($6,166.44) for Yamile Aguiar. This payment is intended to satisfy her claim(s) for all back wages, liquidated damages, retaliation, and damages that were claimed or could have been claimed by Ms. Aguiar.

(b)     A total of Four Thousand One Hundred Ten Dollars and no Cents ($4,110.00) for Alba Dalfarra. This payment is intended to satisfy her claim(s) for all back wages, liquidated damages, retaliation, and damages that were claimed or could have been claimed by Ms. Dalfarra.

(c)     Four Thousand Four Thousand Seven Hundred Twenty-Six Dollars and no cents ($4,726.00) to Claudio R. Cedrez Pellegrino, P.A., representing $4,200.00 in fees and $526.00 in costs.

3.    **Payment.** The total amount of Fifteen Thousand Dollars ($15,000.00) shall be payable in two equal installments, with each installment check to be made payable to the "Claudio R. Cedrez, LLC Trust Account" and must be timely received at Claudio R. Cedrez, LLC, 1090 Kane Concourse, Suite 206 Bay Harbor Islands, Florida 33154 ("office of Plaintiffs' counsel"), according to the following schedule:

(a)     The first payment of Seven Thousand Five Hundred Dollars ($7,500.00) is to be received at the office of Plaintiffs' counsel by November 15, 2015; and

(b)     The second payment of Seven Thousand Five Hundred Dollars ($7,500.00) is to be received at the office of Plaintiffs' counsel by January 15, 2016.

4.    **Default Provision**: Should Defendants fail to make timely payment of the settlement funds, then Plaintiffs' counsel shall give written notice via Email to Brian H. Pollock, Esq. at brian@fairlawattorney.com. If Defendants fail to cure said breach within 5 business days after such notice was received by Defendants' counsel, then Plaintiffs shall be entitled to an ex parte default final judgment against Defendants, jointly and severally, in the amount of Twenty Three Thousand Dollars and no Cents ($23,000.00), less any payments made pursuant to this Agreement.

5.    **No Re-Hire**: Plaintiffs hereby agree and recognize: (a) that Plaintiffs' employment with Defendants has ended and Plaintiffs will not apply for or otherwise seek employment with Defendants or their divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners and successors; and (b) that Defendants have no obligation to employ, hire, reinstate or otherwise engage Plaintiffs in the future. Plaintiffs further agree and recognize that if Plaintiffs apply and/or is/are hired by Defendants or its/their affiliated entities in the future, this Agreement is sufficient and appropriate legal grounds for denying employment and/or terminating Plaintiffs' employment regardless of whether the entity is specifically mentioned herein. The Parties further agree that any future acts by Defendants in denying Plaintiffs employment, shall not be construed as retaliation pursuant to 29 U.S.C. 215(a)(3).

6.    **Covenant of Confidentiality**. The Parties agree that the terms of this Agreement, are strictly confidential and, except pursuant to a subpoena, to enforce this Agreement, to be introduced in the case(s) pending in criminal Court in the Eleventh Judicial Circuit of Florida against one or both Plaintiffs, or to submit to the Court for review and approval of the Parties' Agreement or others as required by applicable law, shall not be disclosed to any other persons, entities, or organizations, directly or indirectly through others, without prior written approval of both Plaintiffs' counsel and Defendants' counsel. This covenant also applies to Alexander

Rodriguez, the boyfriend of Alba Dalfarra and father of her expected child, and any breach of this Agreement by Mr. Rodriguez will be chargeable to Plaintiffs. In the event Plaintiff breaches (and/or if Mr. Rodriguez breaches) this confidentiality provision, then Plaintiffs shall be required to return the entirety of all amounts paid under this Agreement. Plaintiffs may, however, disclose the settlement amount(s) received by them to their attorneys, tax preparers, to be introduced in the case(s) pending in criminal Court in the Eleventh Judicial Circuit of Florida against one or both Plaintiffs, and/or as required by a Court of Law. The prevailing party in enforcing or defending an action for breach of said confidentiality provision shall be entitled to their reasonable attorney's fees and costs to be determined by the Court.

7. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiffs or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA or otherwise, and expressly deny any and all such liability.

8. **Non Disparaging Remarks**. The Parties agree that they will not disparage one another, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about one another, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiffs, the parties agree that Defendants will only be required to provide dates of employment, and/or positions held, and/or rates of pay for Plaintiffs.

9. **Jurisdiction.** The Parties condition their agreement to dismiss the Litigation upon the reservation of jurisdiction over this matter until March 4, 2016 by the United States District Court for the Southern District of Florida. The Agreement is governed by the substantive law of the State of Florida, and where applicable, federal law. If the district court chooses not to retain jurisdiction, then this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

10. **Agreement Not to Be Used as Evidence**. Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement and in the case(s) pending in criminal Court in the Eleventh Judicial Circuit of Florida against one or both Plaintiffs,. Defendants, however, may file this Agreement in any action that may be brought against it/them in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

12. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

13. **Enforcement.** In the event any action is commenced to enforce this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs.

14. **Voluntariness.** Plaintiffs certify that they have each fully read, negotiated, and completely understands the provisions of this Agreement, that this Agreement was translated for them prior to sighing, that Plaintiffs have been advised by Defendants to consult with an attorney before signing this Agreement, that Plaintiffs in fact consulted with counsel of their choice before signing this Agreement, and that Plaintiffs are signing this Agreement freely and voluntarily, and without duress, coercion, or undue influence.

15. **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed and/or transmissions and/or copies of the signature block shall be deemed enforceable to the same extent as an original.

YAMILE AGUIAR

_____
YAMILE AGUIAR

Date: _____

ALBA DALFARRA

_____
ALBA DALFARRA

Date: _____

MAC. FLORIDIAN, LLC
a Florida Limited Liability Company

By: _____
Name: SAVERIO MACALUSO
Title: MANAGER

Date: 10/29/2015

SAVERIO MACALUSO

_____
SAVERIO MACALUSO

Date: 10/29/2015

4 of 4

12. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

13. **Enforcement.** In the event any action is commenced to enforce this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs.

14. **Voluntariness.** Plaintiffs certify that they have each fully read, negotiated, and completely understands the provisions of this Agreement, that this Agreement was translated for them prior to sighing, that Plaintiffs have been advised by Defendants to consult with an attorney before signing this Agreement, that Plaintiffs in fact consulted with counsel of their choice before signing this Agreement, and that Plaintiffs are signing this Agreement freely and voluntarily, and without duress, coercion, or undue influence.

15. **Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed and/or transmissions and/or copies of the signature block shall be deemed enforceable to the same extent as an original.

YAMILE AGUIAR

x _____
YAMILE AGUIAR

Date: 10/30/2015

ALBA DALFARRA

x _____
ALBA DALFARRA

Date: 10/30/15

MAC. FLORIDIAN, LLC
a Florida Limited Liability Company

By: _____
Name: SAVERIO MACALUSO
Title: MANAGER

Date: _____

SAVERIO MACALUSO

_____
SAVERIO MACALUSO

Date: _____